UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Leanda Chaffins,<br><br>      Plaintiff,<br><br>vs.<br><br>Shannon Sharp, Natalie Anderson, Jenny Wetch, Lexi Eldridge, Alicia Seely, Traci Schlag, Dennis Meier, Kathryn Doll, Katie Krueger, Cory Pedersen,<br><br>      Defendants. | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**<br><br><br>Case No.: 1:24-cv-00233 |

### Introduction

[¶1] This action arises under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Plaintiff Leanda Chaffins ("Plaintiff") brings her Complaint alleging that several of her constitutional rights were violated by the named Defendants and that the named Defendants also conspired to deprive her of those same constitutional rights. The Plaintiff's allegations regarding Defendant Cory Pedersen ("Pedersen") are based off two contacts that the Plaintiff had with Pedersen; Plaintiff claims that Pedersen, acting within his capacity as Director of Children and Family Services, failed to prevent the Plaintiff's constitutional rights from being violated. Plaintiff's Complaint is deficient under the pleading standards for both a 42 U.S.C. § 1983 claim and a 42 U.S.C. § 1985 claim because it fails to state a claim against Pedersen upon which relief can be granted. Pedersen respectfully moves the Court for an order of dismissal under Fed. R. Civ. P. 12(b)(6).

### Relevant Factual Background

[¶2] The relevant factual background, which is only accepted as true for the purposes of this motion, is taken from the Plaintiff's Complaint. See ECF No. 1. Only two paragraphs of the Complaint contain specific factual assertions regarding Pedersen. Id. at ¶¶ 14; 27.

[¶3] Prior to filing the Complaint, Plaintiff had interactions with Defendant Shannon Sharp, Defendant Natalie Anderson, Defendant Jenny Wetch, Defendant Lexi Eldridge, Defendant Alicia

Seely, Defendant Traci Schlag, Defendant Dennis Meier, Defendant Kathryn Doll, and Defendant Katie Krueger in connection to custody of Plaintiff's son, enrollment of Plaintiff's son into Mandan Middle School, an investigation of suspected abuse or neglect of Plaintiff's son, and a grievance filed by Plaintiff. Id. at ¶¶ 15-29.

[¶4]    On or about November 15, 2023, Plaintiff wrote a letter to the Three Rivers Human Service Zone Board members which included fifty-nine pages of supporting evidence ("Board Letter"). Id. at ¶ 27. The Plaintiff delivered several copies of the Board Letter to Defendant Dennis Meier but never received acknowledgement that the Board Letter was received or distributed to any of the Three Rivers Human Service Zone Board members. Id.

[¶5]    Due to the lack of acknowledgement, the Plaintiff then contacted Pedersen seeking assistance under the belief that Pedersen was "responsible for the oversight of the Human Service Zones within the state of North Dakota." Id. At some point during their conversation, "Pedersen told Plaintiff that there was 'nothing he could do to help.'" Id. On or about November 20, 2023, Plaintiff contacted Pedersen for a second time by sending him an email that included a copy of the Board Letter as an attachment and in response Pedersen stated, "I do not plan on viewing the attachments." Id.

[¶6]    When Plaintiff contacted Pedersen, Pedersen was employed with the State of North Dakota through the Department of Health and Human Services as the Director of Children and Family Services. Id. at ¶ 14.

## Law and Argument

[¶7]    Pedersen moves to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Fed. R. Civ. P. 8(a)(2). Pro se complaints are construed liberally but "still must allege sufficient facts to support the claims advanced." Stringer v. St. James R-1 School Dist., 446 F.3d 799, 802 (8th Cir.2006) (quoting Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)).  Nevertheless, a party may assert a defense by motion and move for the complaint to be dismissed for "failure to state a claim upon which relief can be granted." Fed. R.

2

Civ. P. 12(b)(6). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" in order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Courts must accept a complaint's allegations as true, Twombly, and view them in the light most favorable to the nonmoving party. Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 595 (8th Cir. 2009). However, courts are not required to accept legal conclusions, contained in a complaint, as true. Iqbal, 556 U.S. at 678-79. The Court must consider whether the factual allegations in the Plaintiff's Complaint against Pedersen plausibly suggests an entitlement to relief.

**I.      Pedersen is entitled to dismissal under Rule 12(b)(6) because Plaintiff fails to state a plausible claim for relief against Pedersen under Section 1983.**

[¶8]    Plaintiff's allegations against Pedersen fail to state a claim for relief under Section 1983 because Plaintiff does not identify, let alone with any specificity, allegations against Pedersen that would result in a violation of the Plaintiff's constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments. Section 1983, in part, provides:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. "To adequately state a claim under § 1983, a plaintiff must allege (1) a person acting under color of state law (2) deprived the plaintiff of rights secured by the Constitution or laws of the United States." Smith v. Pelican Rapids Police Dep't., No. 3:20-CV-20, 2020 WL 3473963, at *1 (D.N.D. Mar. 11, 2020), report and recommendation adopted, No. 3:20-CV-20, 2020 WL 3473971 (D.N.D. Mar. 26, 2020) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)). "[E]ven when an officer of the state is named as a defendant in a § 1983 lawsuit, we must refrain from automatically assuming the existence of state action. Instead, we must stay focused upon the

3

underlying concern which governs our analysis in all cases such as this: whether the conduct at issue is 'fairly attributable' to the state." Montano v. Hedgepeth, 120 F.3d 844, 849 (8th Cir. 1997). In the specific context of claims brought against multiple individuals under 42 U.S.C. § 1983, Iqbal and Twombly require specific factual allegations that demonstrate the personal and direct involvement of each defendant and require the court to undertake a "context-specific task" to determine whether the facts permit the court to infer more than the mere possibility of misconduct. Iqbal, 556 U.S. at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. (quoting Fed. Rule Civ. Proc. 8(a)(2)). "[T]he pleading must allege a sufficient causal link between the alleged violation and the basis upon which the particular defendant is to be held responsible, keeping in mind that persons sued in their individual capacities must be personally involved or directly responsible since § 1983 does not impose respondeat superior liability." Walck v. Bertsch, No. 1:16-CV-343, 2020 WL 1473905, at *2 (D.N.D. Mar. 26, 2020) (citing Iqbal, 556 U.S. at 676-77; Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999)). "[O]utside of the excessive force context, there is no clearly established law regarding a duty to intervene to prevent constitutional violations." Hess v. Ables, 714 F.3d 1048, 1052 (8th Cir. 2013) (citing Livers v. Schenck, 700 F.3d 340, 360 (8th Cir. 2012)).

[¶9] The Plaintiff claims that Pedersen was acting under the color of state law; however, these allegations are presented as a legal conclusion. According to the Complaint, Plaintiff contacted Pedersen twice and both interactions appear to have occurred on or around November 20, 2023, and took place well after the events leading to her claims that her constitutional rights were violated. ECF No. 1. Plaintiff claims, "during all time relevant, [Pedersen] was employed as the Director of Children and Family Services with the Department of Health and Human Services in Bismarck, North Dakota, for the State of North Dakota." Id. at ¶ 14. Plaintiff also claims Pedersen "is responsible for the oversight of the Human Service Zones within the state of North Dakota." Id. at ¶ 27. However, at no point does Plaintiff establish whether her interactions with Pedersen were in connection with his employment. Even accepting the Complaint's allegations as true, the

4

Complaint does not 1) explain how Plaintiff contacted Pedersen during their first interaction, 2) state what email address she sent the Board Letter to, 3) include any exhibits, such as the alleged emailed response from Pedersen, or 4) explain how Pedersen's conduct is fairly attributable to the state so that he was acting under the color of state law.

[¶10] Additionally, the Complaint wholly fails to identify any specific factual allegations that demonstrate Pedersen's personal and direct involvement in any conduct that would result in a violation of any of Plaintiff's constitutional rights, let alone a violation under the First, Fourth, Fifth, and Fourteenth Amendments. Id. at ¶ 30. During Plaintiff's first interaction with Pedersen he stated, "there was 'nothing he could do to help'" and when Plaintiff sent an email to Pedersen, which included the Board Letter, he responded, "I do not plan on viewing the attachments." Id. at ¶ 27. Neither of these interactions would have deprived Plaintiff of her constitutional rights under the First, Fourth, Fifth, or Fourteenth Amendments. Thus, Plaintiff does not allege a sufficient causal link between the alleged violation of her rights under the First, Fourth, Fifth, and Fourteenth Amendments and the basis upon which Pedersen should be held responsible for the violation.

[¶11] Furthermore, Plaintiff claims "Defendant Pedersen thereby failed to intervene, and/or neglected to prevent harm, when Defendant Pedersen knew that Plaintiff's rights were being violated, or reasonably should have known by the information that Plaintiff provided as attachments to the email; Defendant Pedersen had the opportunity to intervene to prevent or correct violations, and chose not to do so." Id. However, "outside of the excessive force context, there is no clearly established law regarding a duty to intervene to prevent constitutional violations." Hess v. Ables, 714 F.3d 1048, 1052 (8th Cir. 2013) (citing Livers v. Schenck, 700 F.3d 340, 360 (8th Cir. 2012)). Because there is no clearly established law exacting a duty to intervene, outside of the excessive force context, Pedersen's alleged failure to intervene to prevent any potential constitutional violations caused by any of the other named Defendants fails to state a plausible claim for relief against Pedersen under Section 1983.

**II.     Pedersen is entitled to dismissal under Rule 12(b)(6) because Plaintiff fails to state a plausible claim for relief against Pedersen under Section 1985.**

[¶12]  Plaintiff fails to state a claim for relief under Section 1985 against Pedersen because the Complaint lacks any allegations that Pedersen was part of a conspiracy to deprive her of her constitutional rights. Section 1985(3), in part, provides:

> If two or more persons in any State . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3). To state a claim under Section 1985(3), the following elements are required:

> (1) a conspiracy, (2) for the purpose of depriving another of the 'equal protection of the laws, or of equal privileges and immunities under the laws;' (3) an act in furtherance of the conspiracy; and (4) an injury to a person or property, or the deprivation of a legal right.

Federer v. Gephardt, 363 F.3d 754, 757–58 (8th Cir. 2004) (citing Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971)). "A conspiracy claim requires evidence of specific facts that show a "meeting of minds" among conspirators. A meeting of the minds requires at least two persons . . . . A government entity cannot conspire with itself." Barstad v. Murray Cnty., 420 F.3d 880, 887 (8th Cir. 2005) (internal citations omitted). "[A]n alleged conspiracy to infringe First Amendment rights is not a violation of § 1985(3) unless it is proved that the State is involved in the conspiracy or that the aim of the conspiracy is to influence the activity of the State." Federer, 363 F.3d at 758 (internal citations omitted). "In ascertaining the presence of state action, we must examine the record to determine whether 'the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State.'" Id. at 759 (internal citations omitted). "The source of the right or laws violated must be found elsewhere." Federer, 363 F.3d at 758 (citing United Bhd. of Carpenters & Joiners of Am. v. Scott, 463 U.S. 825, 833 (1983); Great Am. Fed. Sav. & Loan Ass'n. v. Novotny, 442 U.S. 366, 376 (1979)).

6

[¶13]   The Complaint does not contain any allegations regarding Pedersen's involvement in a conspiracy to deprive Plaintiff of her constitutional rights. See ECF No. 1. According to the Complaint, Plaintiff contacted Pedersen twice and both interactions appear to have occurred on or around November 20, 2023. Id. Plaintiff alleges that Pedersen had the opportunity to prevent her rights from being violated but failed to intervene or correct the violations. Id. at ¶ 27. None of the allegations against Pedersen even so much as hint that he was part of a conspiracy to deprive Plaintiff of her constitutional rights. The Complaint does not include any allegations that Pedersen even spoke with any of the other named Defendants let alone show that a "meeting of the minds" took place between Pedersen and the other named Defendants. If the Complaint does not allege a "meeting of the minds" occurred between Pedersen and the other named Defendants, then Plaintiff cannot show that Pedersen was part of a conspiracy with the purpose to deprive Pedersen of her constitutional rights.

[¶14]   Furthermore, even if Plaintiff successfully proved that a conspiracy existed and that Pederson was part of that conspiracy, Pedersen's actions could not have been done in "furtherance of the conspiracy." Based on the timeline that was set out in the Complaint, the interactions between Plaintiff and Pedersen took place months after the events Plaintiff claims resulted in the violation of her constitutional rights. Id. at ¶¶ 15-27. The Complaint simply does not allege that Pedersen's actions on or about November 20, 2023, were done in furtherance of a conspiracy to violate Plaintiff's constitutional rights. Again, Plaintiff does not have a constitutional right to intervention such that Pedersen had a duty to prevent any constitutional violations that might have been caused by any of the other named Defendants. Therefore, Plaintiff's allegations regarding Pedersen's actions do not state a plausible claim for relief under Section 1985.

**III.    Plaintiff fails to state a claim upon which relief can be granted against Pedersen because she brings her claim against Pedersen in his official capacity and seeks compensatory damages.**

[¶15]   The Complaint must be dismissed because the Plaintiff seeks money damages against Pedersen in his official capacity. It is well settled that "claims against state officials in their official capacities are really suits against the state and the state is not a person for purposes of a claim for

7

money damages under § 1983." Kruger v. Nebraska, 820 F.3d 295, 301 (8th Cir. 2016) (internal citations omitted). "Such actions do not state a claim under § 1983 and are prohibited by the Eleventh Amendment, absent a waiver of sovereign immunity." Walck, 2020 WL 1473905, at *2 (citing Glasgow v. Nebraska, 819 F.3d 436, 441 (8th Cir. 2016)). "Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law. But compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment." Green v. Mansour, 474 U.S. 64, 68 (1985) (internal citations omitted). "[T]he Eleventh Amendment would prohibit the award of money damages or restitution." Id. at 73.

[¶16]   Plaintiff brings these claims against Pedersen in his official capacity and seeks money damages. Plaintiff claims, "during all time relevant, [Pedersen] was employed as the Director of Children and Family Services with the Department of Health and Human Services in Bismarck, North Dakota, for the State of North Dakota." ECF No. 1. Plaintiff also claims Pedersen "is responsible for the oversight of the Human Service Zones within the state of North Dakota." Id. at ¶ 27. The Complaint alleges that "Plaintiff suffered insurmountable injury and loss" and requests that the Court grant her eight separate forms of relief that include: 1) compensatory damages that are determined at trial, 2) punitive damages for the Defendant's willful and malicious conduct, and 3) reasonable attorney's fees and costs. Id. at ¶¶ 30-31. Therefore, the Plaintiff is clearly attempting to bring these claims against Pedersen in his official capacity as an employee of the state of North Dakota and is also seeking damages in the form of monetary compensation. However, "the Eleventh Amendment would prohibit the award of money damages or restitution." Green, 474 U.S. at 73. Therefore, the Complaint fails to state a claim upon which relief can be granted because the Plaintiff seeks money damages.

[¶17]   Furthermore, even if Plaintiff's Complaint is broadly interpreted to include a claim against Pedersen in his individual capacity, the Complaint fails to state a claim upon which relief can be granted. "Government officials are personally liable only for their own misconduct." S.M. v. Krigbaum, 808 F.3d 335, 340 (8th Cir. 2015); see also Dahl v. Weber, 580 F.3d 730, 733 (8th Cir.

8

2009) ("Section 1983 liability is personal. To recover § 1983 damages from [defendant] individually, [plaintiff] must establish that [defendant] was personally involved in, or directly responsible"). According to the Complaint, Plaintiff contacted Pedersen twice and Pedersen had the opportunity to prevent her rights from being violated but failed to intervene or correct the violations. ECF No. 1. Again, Plaintiff does not have a constitutional right to intervention. The scarce factual allegations against Pedersen establish that Pedersen was not personally involved in, or directly responsible for the alleged violations of Plaintiff's constitutional rights by the named Defendants and thus an individual capacity claim similarly fails.

**IV.     Pedersen is entitled to qualified immunity.**

[¶18]   Even if Plaintiff successfully stated a claim against Pedersen in his individual capacity, Pedersen would still be entitled to qualified immunity. "[G]overnment officials performing discretionary functions generally are granted a qualified immunity and are 'shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Wilson v. Layne, 526 U.S. 603, 609 (1999) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "Qualified immunity protects an official 'unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.'" Faulk v. City of St. Louis, Missouri, 30 F.4th 739, 744 (8th Cir. 2022) (quoting Ashcroft v. al-Kidd, 563 U.S. 731, 735, (2011)). When considering qualified immunity on a motion to dismiss, a court considers "[1] whether the plaintiff has stated a plausible claim for violation of a constitutional or statutory right and [2] whether the right was clearly established at the time of the alleged infraction." Dadd v. Anoka Cnty., 827 F.3d 749, 754-55 (8th Cir. 2016) (quoting Hager v. Ark. Dep't of Health, 735 F.3d 1009, 1013 (8th Cir. 2013)). "[O]utside of the excessive force context, there is no clearly established law regarding a duty to intervene to prevent constitutional violations." Hess, 714 F.3d at 1052 (citing Livers, 700 F.3d at 360).

[¶19]   The Complaint does not set forth any allegations against Pedersen that would result in a violation of any of Plaintiff's constitutional rights. Plaintiff claims that her constitutional rights

9

were violated under the First, Fourth, Fifth, and Fourteenth Amendments. ECF No. 1. In the Complaint, the Plaintiff alleges that Pedersen, on or about November 20, 2023, had the opportunity to prevent her rights from being violated but failed to intervene or correct the violations. Id. However, Plaintiff does not have a constitutional right, that was clearly established as of November 20, 2023, for Pedersen to intervene and prevent any constitutional violations that might have been caused by any of the other named Defendants. Therefore, even if Plaintiff successfully stated a claim against Pedersen in his individual capacity, Pedersen would still be entitled to qualified immunity because Plaintiff's Complaint does not show that Pedersen violated a statutory or constitutional right that was clearly established as of November 20, 2023.

## Conclusion

[¶20]   Based on the foregoing arguments, Pedersen respectfully requests this Court grant his motion to dismiss under Fed. R. Civ. P. 12(b)(6).

Dated this 2nd day of January, 2025.

>State of North Dakota
>Drew H. Wrigley
>Attorney General
>
>By:   /s/ Sarah M. Green
>        Sarah M. Green
>        Assistant Attorney General
>        State Bar ID No. 09269
>        Office of Attorney General
>        500 North 9th Street
>        Bismarck, ND 58501-4509
>        Telephone (701) 328-3640
>        Facsimile (701) 328-4300
>        Email sagreen@nd.gov

Attorneys for Defendant Cory Pedersen.